## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JAMES PAPA** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:11-CV-03003 |
| | § | |
| **HIGHSPOT.COM INC.** | § | |
| **DEFENDANT.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT
### AND REQUEST FOR PRELIMINARY INJUNCTION

Plaintiff, **JAMES PAPA** files this Complaint against Defendant **HIGHSPOT.COM, INC.**

### I. PARTIES

1. Plaintiff **JAMES PAPA** is an individual who resides in Irving, Dallas County, Texas.

2. Defendant **HIGHSPOT.COM INC.** is a North Carolina Corporation and may be served by delivering process to its registered agent for service of process, Michael Bochicchio at 709 Queen Charlottes Court, Charlotte, North Carolina 28211-2091.

### II. JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1338(a), and 1338(b) as this cases raises a Federal question in that this is an action for copyright infringement under the Copyright Act of 1976, Title 17 U.S.C. §§101 et seq and the Lanham Act, 15 U.S.C. §1125(a), as hereinafter more fully appears.

4. Plaintiff **JAMES PAPA** is a citizen of the State of Texas and Defendant **HIGHSPOT.COM INC.** is a North Carolina Corporation. The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars ($75,000.00).

### III. VENUE

5. The claims asserted herein arose in this judicial district and Defendant does business in this judicial district. Venue in this judicial district is proper under 28 U.S.C. §§1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

### IV. FACTS

6. Plaintiff **JAMES PAPA** has been engaged in the business of marketing and promoting professional wrestling. IN the course of his business Plaintiff has created several trademarks as well as written numerous original musical works subject to copyright and common law copyright. Over the past twenty years, Plaintiff has created substantial goodwill and public trust in his marks and musical works.

7. Plaintiff began using the trademark "Freebirds" in association with professional wrestling in 1984.

8. Plaintiff began using the trademark "Bad Street USA" in association with professional wrestling in 1983.

9. Plaintiff has written the lyrics, composed the music and produced the recording of numerous musical works. These works were used as "introduction" or "entry" music by numerous professional wrestlers. Such works were subject to copyright and common law copyright and include:

    (1)    *Don't Step to Ron*
    (2)    *Man Called Sting*
    (3)    *Mr. Bang Bang*
    (4)    *Master of the DDT*
    (5)    *Freebirds Forever*
    (6)    *Simply Ravishing*
    (7)    *Johnny B. Badd*
    (8)    *The Natural*
    (9)    *The Dragon*
  (10)    *He's Smokin'*
  (11)    *Steinerized*

10. Plaintiff has written the lyrics, composed the music and produced the recording of numerous musical works. These works were used as "introduction" or "entry" music by numerous professional wrestlers. Many of these works were registered with Broadcast Music Incorporated, from whom Plaintiff receives royalties and include:

    (1)    *Everything is Allright*
    (2)    *When the Love Comes Down*
    (3)    *The Night You Can't Remember*
    (4)    *Ain't Superstitious*
    (5)    *Touch My Level*
    (6)    *Boys are Back in Town*
    (7)    *Blue Jean Queen*
    (8)    *Heartbeat Away*
    (9)    *Badstreet USA*

11. In addition to writing the lyrics, composing the music and producing the recording for *Badstreet U.S.A.* the Plaintiff produced in 1983 an original music video based on the song.

12. Defendant **HIGHSPOT.COM INC.** is the owner of an internet site highspot.com that specializes in selling wrestling and mixed martial arts products. Among the products offered on Defendant's website are compact discs containing music that Plaintiff composed, wrote the lyrics for and produced. Examples of Defendant's websites featuring copyrighted materials belonging to Plaintiff are attached as "Exhibit A."

13. Defendant also offers for sale numerous products using the Plaintiff's trademark "Badstreet USA". Examples of Defendant's websites featuring trademarked materials belonging to Plaintiff are attached as "Exhibit B."

14. Additionally, Defendant is selling videos in which professional wrestling bouts are shown. These matches begin with each wrestler or team of wrestlers entering the ring to their "introduction" music. Many of Plaintiff's original musical creations were used by these wrestlers for their live performances as well as the televised versions. The videos Defendant is selling contain Plaintiff's original music. Defendant was never granted a license to reproduce these recordings for sale or otherwise.  Examples of Defendant's websites featuring copyrighted materials belonging to Plaintiff are attached as "Exhibit C."

15. Defendant is not privileged to reproduce any of the copyrighted materials belonging to Plaintiff.  Nor are they privileged to use any trademark belonging to Plaintiff. Defendant has not sought license or permission to offer any of the above listed copyrighted or trademarked materials for sale.

16. The infringement of Plaintiff's trademarks and copyrighted materials is causing Plaintiff irreparable harm.

17. Plaintiff has performed all conditions precedent required for recovery in the instant action.

### V. CAUSE OF ACTION NO. 1 — COPYRIGHT INFRINGEMENT

18. Plaintiff repeats and reiterates each and every allegation of paragraphs of the Complaint marked as 1 through 17 above, as if more fully set forth at length herein.

19. Upon information and belief the Defendant has access to Plaintiff's work via licensed television broadcast.

20. The music, lyrics and video contained in the video recordings offered for sale by Defendant copy the original expression of the above listed music, lyrics and video written, performed or produced by Plaintiff and therefore infringe on Plaintiff's copyright in said music, lyrics and video.

21. Defendant has infringed on Plaintiff's copyright by copying Plaintiff's music, lyrics and video and producing and distributing videotapes containing Plaintiff's music, lyrics and video without Plaintiff's permission.

22. By reason of Defendant's acts of copyright infringement, Plaintiff is entitled to recover all profits received or otherwise achieved, directly or indirectly, by Defendants in connection with his manufacturing, importing, advertising and sale of the accused products which are copies of Plaintiff's works.

## VI. CAUSE OF ACTION NO. 2 — CONTRIBUTORY COPYRIGHT INFRINGEMENT

23. Plaintiff repeats and reiterates each and every allegation of paragraphs of the Complaint marked as 1 through 22 above, as if more fully set forth at length herein.

24. Upon information and belief, Defendant used and copied Plaintiff's music without Plaintiff's permission.

25. . Upon information and belief, Defendant used and copied Plaintiff's lyrics without Plaintiff's permission.

26. Upon information and belief, Defendant used and copied Plaintiff's video without Plaintiff's permission.

27. Upon information and belief, Defendant's use of the music, lyrics and video and copying of Plaintiff's music, lyrics and video was done so that Defendant would be able to take over, for their own profit and advantage Plaintiff's music, lyrics and video.

28. Upon information and belief, Defendant induced, participated and aided and abetted in, and profited from, the copying of Plaintiff's music, lyrics and video.

29. By reason of the foregoing copying, Defendant copied or aided and assisted in the copying and performing of Plaintiff's music, lyrics and video in various media without permission of Plaintiff, which is an infringement of Plaintiff's copyright.

30. By reason of Defendant's acts of copyright infringement, Plaintiff is entitled to recover all profits received or otherwise achieved, directly or indirectly, by Defendants in

connection with his manufacturing, importing, advertising and sale of the accused products which are copies of Plaintiff's works.

## V. CAUSE OF ACTION NO. 3 — LANHAM ACT VIOLATIONS

31. Plaintiff repeats and reiterates each and every allegation of paragraphs of the Complaint marked as 1 through 30 above, as if more fully set forth at length herein.

32. By reason of the foregoing, Defendant failed to designate Plaintiff as the author of Plaintiff's music, lyrics and video in advertising and publicizing.

33. Upon information and belief Defendant's actions promoting video recordings containing music, lyrics and video created by Plaintiff without crediting Plaintiff as the author of the music, lyrics and video constitutes unfair competition under the legal doctrine of passing off.

34. By reason of the foregoing, Defendant has willfully and intentionally caused damage to Plaintiff by affixing and using in commerce such false descriptions or representations in violation of Plaintiff's rights under Section 43(a) of the Lanham Act, 15 U.S.C. section 1125(a).

35. By reason of Defendant's acts of copyright infringement, Plaintiff is entitled to recover all profits received or otherwise achieved, directly or indirectly, by Defendants in connection with his manufacturing, importing, advertising and sale of the accused products which are copies of Plaintiff's works.

## VII. CAUSE OF ACTION NO. 4 – TRADEMARK INFRINGEMENT

36. Plaintiff repeats and reiterates each and every allegation of paragraphs of the Complaint marked as 1 through 35 above, as if more fully set forth at length herein.

37. Upon information and belief Defendant's actions selling products containing the phrase "Badstreet USA" infringe upon Plaintiff's trademark in such term. Specifically the overall impression created by the products Defendant is selling are exactly the same as the mark owned by Plaintiff. There is no variation between them and as such consumers are unable to distinguish between Plaintiff's mark and the items Defendant is selling. It is clearly Defendant's intent that consumers assume that the products Defendant is selling are original "Badstreet USA" products similar to products that have been sold by Plaintiff in the past.

38. By reason of Defendant's acts of trademark infringement, Plaintiff is entitled to recover all profits received or otherwise achieved, directly or indirectly, by Defendants in connection with his manufacturing, importing, advertising and sale of the accused products which are copies of Plaintiff's trademark.

## VIII. REQUEST FOR PRELIMINARY INJUNCTION

39. Defendant's conduct has caused and is causing Plaintiff incalculable harm. Plaintiff seeks a preliminary and permanent injunction to halt Defendant's use of Plaintiff's trademark and copyrighted materials.

## IX. REQUEST FOR RELIEF

40. With respect to Plaintiff's Request for Preliminary Injunction Plaintiff asks the Court:

   (1) For an order preliminarily and permanently enjoining the Defendant, and his agents, servants, attorneys, and employees and all other persons acting in concert with him from committing any further acts of infringement, including but not limited to copying, manufacturing, importing, advertising, selling and distributing the accused products, or aiding or abetting or assisting others in such infringing activities
   (2) For an order directing Defendant to file with this Court and to serve on Plaintiff within 30 days after service on Defendant of the injunction granted herein, or such extended period as the Court may direct, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with the injunction and order of the Court.
   (3) For an order seizing and impounding all Accused Products.
   (4) For an order requiring Defendant to account to Plaintiff for all profits derived by Defendant from the manufacture, importation, advertisement and sale of the Accused Products.
   (5) For a judgment of damages against Defendant in an amount to be proven at trial or in the alternative a reasonable royalty, and for prejudgment and post judgment interest until the award is fully paid.
   (6) For a judgment that Defendant has willfully and deliberately infringed Plaintiff's rights and that this is an exceptional case entitling Plaintiff to enhanced damages.
   (7) Attorney fees as available under the Copyright Act, 17 U.S.C. section 101 et. seq.

41. With respect to Plaintiff's requests for relief Plaintiff asks the Court:

   (8) For an order awarding actual damages.
   (9) For an order awarding exemplary and punitive damages.
   (10) That Plaintiff be granted costs, disbursements, and reasonable attorney fees.
   (11) That Defendant account to Plaintiff for his profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement and false representation.
   (12) That in accordance with such accounting, Plaintiff be awarded judgment for three times such profits and damages pursuant to 15 U.S.C. section 117.
   (13) For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues raised by the complaint.

Respectfully submitted,

McHam Law
1000 Heritage Center Circle
Round Rock, Texas 78664
Tel: (512) 788-3554
Fax: (512) 852-4560

By: _____
Chris McHam
State Bar No. 24041447
ATTORNEY FOR PLAINTIFF